UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUMINITRIUS DAMOUR GUNN,<br><br>        Plaintiff,<br><br>    v.<br><br>SOLANO COUNTY—MEDICAL CUSTODY DIVISION, *et al.*,<br><br>        Defendants. | Case No. 2:20-cv-02118-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 9<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) FILE AN AMENDED COMPLAINT; OR<br><br>    (2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

      Plaintiff, a county inmate proceeding without counsel, has filed this civil rights action under 42 U.S.C. § 1983. He alleges that defendants Solano County Sheriff's Office, Solano County Medical Division, Sergeant Helm, and Sergeant Ammerman violated his rights by failing to provide appropriate medical care for his broken hand. ECF No. 1 at 3. I find, for the reasons stated below, that the complaint does not state a cognizable claim. Plaintiff will be granted leave to amend his complaint.

Plaintiff has also filed two applications to proceed *in forma pauperis*. ECF Nos. 8 & 9. His most recent application makes the required showing, and I will therefore grant it. I deny plaintiff's prior application as moot.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he experiences severe pain in his left wrist, and that an X-ray has confirmed a fractured bone. ECF No. 1 at 3-4, 12. He claims that he has made several requests for medical treatment, all of which have been ignored. *Id*. at 3-4. He has also filed multiple grievances related to the failure to provide treatment, and these were denied for no reason. *Id*. He further alleges that he was provided incorrect medication. *Id*. at 4.

As a threshold matter, plaintiff cannot maintain his claims against Solano County's Sheriff's Department and Medical Division; these are not cognizable defendants under 42 U.S.C. § 1983. *See Harvey v. San Diego City Jail*, No. 13-cv-0287-LAB (RBB), 2014 WL 173517, *3 (S.D. Cal. Jan. 10, 2014) ("Neither a local law enforcement department (like the San Diego County Sheriff's Department or its Medical Department), or a jail itself (like the San Diego County Jail), are proper defendants under § 1983."). And his complaint fails to state a claim against Solano County, since it does not allege that plaintiff's civil rights were violated pursuant to a policy or custom. *See Villegas v. Golroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Generally, a municipality is liable under *Monell* only if a municipal policy or custom was the "moving force" behind the constitutional violation."); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents . . . .").

As for the individual defendants—Helm and Ammerman—plaintiff's allegations are too conclusory to state a cognizable Eighth Amendment deliberate indifference claim. Deliberate indifference is a subjective standard; it depends on a defendant's awareness of a risk to the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) ("To establish a prison official's deliberate indifference, an inmate must show that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk."). Plaintiff's allegations do not describe how Helm or Ammerman were responsible for denying him medical care. He does not allege that he submitted a request for medical treatment to either. Indeed, he does not specifically allege that either had knowledge of his hand injury.

Plaintiff also fails to state a claim based on the denial of his grievances. First, plaintiff does not explain how each defendant was responsible for wrongfully denying his grievances. Second, his allegations indicate that he was afforded an opportunity to file a grievance challenging the adequacy of his medical care. There is no right to a specific grievance procedure, much less any right to a particular outcome associated with filing a grievance. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff was afforded the opportunity to make administrative claims, and decisions were issued in response to his grievances. Although plaintiff may be dissatisfied with the denial of his grievances, he appears to have received all the process he was due; he certainly has not sufficiently alleged that the procedures violated his due process rights. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (citations and internal quotation marks omitted)).

I will give plaintiff leave to amend. If he decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint will thus need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint has been filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 9, is granted.

2. Plaintiff's other application to proceed *in forma pauperis*, ECF Nos. 8, is denied as moot.

3. Within sixty days from the service of this order, plaintiff must either file an amended complaint or advise the court that he wishes stand by his current complaint.

4. Failure to comply with this order may result in the dismissal of this action.

5.  The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: __April 22, 2021__    _____
                             JEREMY D. PETERSON
                             UNITED STATES MAGISTRATE JUDGE